HARLOW (CROWELL v.). See Case No. 3,-444.

HARLOW (EARLE v.). See Case No. 4,246.

## Case No. 6,071.

### HARMAN v. HARMAN.

[Baldw. 129.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

DECREE OF DISTRIBUTION — REFUNDING BONDS— POWER OF ATTORNEY TO EXECUTE—SEAL.

1. On a decree of distribution it was ordered by this court that the complainants. residing in France, should give refunding bonds with security, pursuant to the act of 1794 [3 Laws Pa. p. 149], concerning intestate estates.

2. Bonds executed here, in virtue of a power of attorney executed in France before a notary, according to the law of that country, but not under the seal of the complainants, were held not to be such as were required by the law of this state.

[Cited in Cook v. Moffat, 5 How. (46 U. S.) 315.]

3. The seal of a party is necessary to give a paper the effect of a bond in preventing the bar of the act of limitation, and giving it priority as a specialty in paying the debts of a decedent.

By a former decree in this case the court had directed refunding bonds to be given by the complainants, who resided in France. They executed a power of attorney, before a notary in France, according to the forms of the civil law, authorizing their agents here to execute bonds pursuant to the order of the court; but the instrument was not under the seal of the parties. Whereupon, a question arose whether the bonds executed under such authority would be valid under the law of this state of April, 1794, sections 15, 16. This law provides that every person to whom distribution of an intestate's estate shall be decreed shall give bond, with sufficient securities in the orphan's court, to refund to the administrator the amount of any debts which may be afterwards recovered against him.

Mr. Laussatt and Mr. Duponceau contended, that the seal of a stranger may be used by the party; and that one seal is sufficient, though many execute the deed, if they all adopt it (4 Com. Dig. tit. "Fait," A, 2, p. 273); and that the parties in this case had adopted the seal of the notary; but that no seal was necessary, inasmuch as the power of attorney was sufficient by the law of France to authorize the execution of sealed instruments. The bonds so executed were therefore valid by the laws of Pennsylvania, in which the law of nations was in force as part of her jurisprudence ([Respublica v. De Longchamps] 1 Dall. [1 U. S.] 114); that it was a principle of that law, that all contracts depended for their validity on the law of the place where they are executed (Henry. Foreign Laws, 48, c. 48, § 1); as also the form in which they were executed (5 Pard. Droit. Comm. 252, pt. 6, tit. 7, c. 2, § 2); that no seals were used in France; and all contracts and

---

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

instruments executed before notaries in France were considered as if they had been done before the highest judicial authority (1 Perfect. Not. 7); and this being the law of the domicil of the complainants, it applies in all questions relating to personal property in Pennsylvania (Desesbats v. Berquier, 1 Bin. 348).

Mr. Binney, on the other side, contended, that the act of assembly was binding on the court, which requiring a bond with securities, no other instrument could be accepted; there can be no bond without a seal, nor can one bind another by a sealed instrument, unless by an authority under the seal of the principal. Shep. Touch. 57, 58, 217; 6 Term R. 176; 7 Term R. 207; 5 Barn. & C. 355; Holt, N. P. 141. The bond must be so executed that the courts of this state can sustain a suit upon it, as a sealed instrument or specialty, to which a seal is indispensable. Taylor v. Glaser, 2 Serg. & R. 504. In this state the sealing is not a matter of form, as a debt secured by a specialty has a preference, in payment, out of the estate of a decedent, and is not within the act of limitations. The parties have not put their seal to this power of attorney. The only seal affixed to it is that of the notary, without any certificate that it was adopted by the parties as theirs. Foreigners coming here to sue in our courts, must comply with the forms prescribed by the law of the forum, as to the remedy; they have obtained a decree for distribution, because the law of this state gives them a right, not because they are entitled by the laws of France or of nations. They must therefore give such bond and security as is recognised by the law here, or they do not comply with the terms of the decree.

BALDWIN, Circuit Justice. We have no doubt that the power of attorney is executed in the form, and with all the solemnities required by the law of France, where the parties are domiciled; nor that any writing made under its authority would be binding upon them here, as a contract, to the same extent as it would there. The general proposition, that the validity of a contract depends on the law of the country in which it is executed, is undeniable, unless it is to be performed elsewhere; the forms of execution are also governed by the local law of the contract, on which it depends whether a seal is necessary to give it efficacy or not. But when an instrument is executed in one country, with reference to the laws or judicial proceedings of another, it must be executed with the formalities prescribed in that country in which it is to take effect, for the purposes declared by the law. The plaintiffs come into this court to claim the personal property of a decedent, domiciled in this state at the time of his death; he must pursue his remedy by the law of the forum to which he resorts, and comply with all things required to entitle them to distribution, one of which is that he shall give bond and security, in the orphan's court, to the administrator, to refund in certain cases.

This court, in a suit in equity, between a foreigner and a citizen, praying for an order of distribution of the estate of a decedent, is bound by the same law which regulates the proceedings of the orphan's court of the state; it has accordingly ordered, that bonds shall be given pursuant thereto. The only question now before us is, whether the papers presented are the bonds of the plaintiffs, according to the true intent and meaning of the fifteenth section of the act of 1794. We cannot doubt that the intention of the legislature was, that the security of creditors and the administrator, should be by an instrument, which should have all the effect and attributes of a bond or specialty by the laws of the state, binding the principals and sureties alike. If the papers now before us are not bonds, the obligation they create may be barred by the act of limitation, and in case of the death of any of the parties who have executed them, the administrator would come in only as a simple contract creditor, for the sum which he had been compelled to pay to a creditor, who may have sued after the order for distribution. This would be so contrary to the spirit, as well as words of the law, and so unjust to the administrator, that we cannot hesitate on the subject. The law of this state recognises no instrument of writing to be a bond, without the seal of the party who executes it. The case of Taylor v. Glaser was a strong one; there were counterparts of an agreement; one was under seal, the other had none, and was held not to be a specialty. 2 Serg. & R. 504. The seal is not a mere formality of execution, but a matter of substance, which gives to the paper certain legal effects, which cannot be attached to any unsealed paper. The power of attorney not being under seal, therefore, could give no authority to execute a bond in the name of the parties; the cases are full to the point, and the law must be taken to be settled.